IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC.<br><br>   Plaintiff<br><br>v.<br><br>EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., | Civil Action No. 4:10-mc-300<br><br>**COMPLAINT**<br><br>**FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. § 1116** |

| |
|---|
| PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES AND XYZ COMPANIES,<br><br>      Defendants. |

## COMPLAINT

  Plaintiff FAROUK SYSTEMS, INC. hereby files this Complaint for *inter alia* trademark counterfeiting, cybersquatting and related claims against Defendants EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL

2

TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES AND XYZ COMPANIES on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

## THE PARTIES

1. Plaintiff FAROUK SYSTEMS, INC. ("Farouk" or "Plaintiff") is a corporation, organized and existing under the laws of the State of Texas, having its principal place of business at 250 Pennbright, Suite 150, Houston, Texas, 77090.

2. Defendant EYOU INTERNATIONAL TRADING COMPANY, LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

3. Defendant FUZHOU HENQJU TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

4. Defendant EBRANDSALE TRADE CO. LTD., d/b/a is a business whose actual name is currently unconfirmed and true address currently unknown.

5. Defendant EBAGI TRADING CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

6. Defendant HANGZHOU DREAM CLOUDS GARMENT STORE, is a business whose actual name is currently unconfirmed and true address currently unknown.

7. Defendant KING BOSE ELECTRONICS CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

8. Defendant YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

9. Defendant BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

10. Defendant SHENYANG CITY SHENGHUAXING PARTS, is a business whose actual name is currently unconfirmed and true address currently unknown.

11. Defendant FLAT CHY LTD. CO., is a business whose actual name is currently unconfirmed and true address currently unknown.

4

12. Defendant SUANSU SHOP, is a business whose actual name is currently unconfirmed and true address currently unknown.

13. Defendant ZHI CHI FASHION SHOES TRADING COMPANY, is a business whose actual name is currently unconfirmed and true address currently unknown.

14. Defendant EBAYSON TRADING CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

15. Defendant KEMY DESIGN CRAFT WORK & CHI LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

16. Defendant ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, is a business whose actual name is currently unconfirmed and true address currently unknown.

17. Defendant FLAT CHY IRON OUTLET, is a business whose actual name is currently unconfirmed and true address currently unknown.

18. Defendant BRIGHT TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

19. Defendant NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

20. Defendant HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, is a business whose actual name is currently unconfirmed and true address currently unknown.

21. Defendant NFL SELL TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

22. Defendant AIRFLY TRADE COMPANY, is a business whose actual name is currently unconfirmed and true address currently unknown.

23. Defendant ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

24. Defendant SOFTWARE SUPPLIER CO., LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

25. Defendant MYWAYHAIR CO., LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

26. Defendant SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, is a business whose actual name is currently unconfirmed and true address currently unknown.

27. Defendant VV SUPPLIER TRADE CO., LTD, is a business whose actual name is currently unconfirmed and true address currently unknown.

28. Defendant HONG KONG YNITA GARMENTS, is a business whose actual name is currently unconfirmed and true address currently unknown.

29. Defendant VICTORIA TRADE, is a business whose actual name is currently unconfirmed and true address currently unknown.

30. Defendant HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, is a business whose actual name is currently unconfirmed and true address currently unknown.

31. Defendant LOL WHOLESALER TRADING INC., is a business whose actual name is currently unconfirmed and true address currently unknown.

32. Defendant PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, is a business whose actual name is currently unconfirmed and true address currently unknown.

33. Defendant HODONNET CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

34. Defendant DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

35. Defendant PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

36. Defendant BETTERBUSINESS FASHION 18. TRADING CO., LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

37. Defendant CHINA WANGYI TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

38. Defendant CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD.., is a business whose actual name is currently unconfirmed and true address currently unknown.

39. Defendant XIDA TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

40. Defendant HENGXIN INTERNATIONAL TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

41. Defendant FUZHOU HUAXIANG TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

42. Defendant E-TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

43. Defendant SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

44. Defendant LIKE GOODS TRADE CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

45. Defendant BEST WHOLESALER CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

46. Defendant SKY SHOPPING TRADE, is a business whose actual name is currently unconfirmed and true address currently unknown.

47. Defendant EBUYG NET CO. LTD., is a business whose actual name is currently unconfirmed and true address currently unknown.

48. The preceding named Defendants are acting in conjunction with various Defendant XYZ Companies, John Does and Jane Does whose identities are not presently known (collectively, "Defendants"). If Defendants' identities become known, the Complaint herein will be amended to include such names of these individuals and corporations.

## JURISDICTION AND VENUE

49. Defendants are doing business in Texas and this District and are subject to the jurisdiction of this Court.

50. This is an action for trademark counterfeiting and trademark infringement, cybersquatting and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark

8

Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Texas.

51. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Texas.

52. This Court has personal jurisdiction over Defendants in that they transact business in the State of Texas and this District.

53. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this District.

## BACKGROUND FACTS

### FAROUK AND ITS TRADEMARKS

54. Farouk designs, manufactures and sells a wide range of high-quality and innovative hair care products. Farouk has been in the hair care business for more than two decades and has achieved an outstanding reputation in the industry. Farouk has also become known for the value of its products and its commitment to customer service.

55. Farouk's products, including electric hand held hair dryers, electric hair styling irons, and hair-care products ("CHI Products") are sold under Farouk's trademark CHI among other marks (collectively, the "CHI Marks").

56. Farouk owns registrations for the following CHI Marks with the United States Patent and Trademark Office:

| Registration Number or Serial Number for Trademark Applications | Trademark | Goods and Services |
|---|---|---|
| Registration No.: 2,660,257 | **CHI** | Electric hair curling irons. |
| Registration No.: 3,387,588 | **CHI NANO** | Electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons. |
| Registration No.: 3,107,769 | **CHI** | Electric hand held hair dryers. |
| Registration No.: 3,698,869 | **CHI ROCKET** | Hair dryers. |
| Registration No.: 3,527,483 | **CHI** | Hair clippers, hair shears and scissors, hair trimmers, razors, and blades for hair clippers, hair trimmers and razors. |
| Registration No.: 3,755,827 | **CHI ACADEMY** | Education services, namely, providing classes, seminars, and workshops in the field of hair care, hair styling, hair cutting, and hair coloring. |
| Registration No.: 3,776,265 | **FAROUK** | Electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons. |

10

| Registration No.: 3,584,455 | I. CHI | Electric hair curling irons, hair styling irons, hair straightening irons, and hair flat irons. |
|---|---|---|
| Registration No.: 3,341,114 | ULTRA CHI | Electric hair curling irons, electric hair flat irons, electric hair straightening irons. |
| Registration No.: 3,331,008 | ULTRA CHI | Electric hand held hair dryers |
| Registration No.: 3,054,490 | CHI | Magazines in the field of haircare, beauty, and fashion. |
| Registration No.: 3,426,769 | CHI | Hair coloring preparations. |

57. The registrations for the CHI Marks are valid, subsisting, and in full force and effect.

58. Farouk's CHI Products are sold by Farouk to the general public through authorized distributors and through authorized retail locations.

59. Each year Farouk spends hundreds of thousands of dollars advertising, marketing, and promoting CHI Products in the U.S.

60. The CHI Marks are associated exclusively with CHI Products. As a result of Farouk's marketing and advertising of its products and other efforts to promote the CHI Marks, CHI Marks have become well-known in the United States with customers and potential customers as identifying Farouk's products and services.

61. Farouk has acquired and enjoys a valuable reputation and significant goodwill associated with the CHI Marks on the CHI Products.

62. Farouk maintains high quality control standards for all of CHI Products sold under the CHI Marks.

11

63. Given the great value of the CHI Marks to Farouk, Farouk makes great efforts to enforce its trademarks and combat the distribution and sale of counterfeits of CHI Products bearing CHI Marks.

## DEFENDANTS' CONDUCT

64. Farouk has become victim of a massive Internet counterfeiting ring of a size and scale it has not seen before. Defendants have manufactured, imported, distributed, offered for sale and sold counterfeit hair styling irons and other products bearing counterfeits of the CHI® Marks (the "Counterfeit Products") and continue to do so.

65. Defendants are selling Counterfeit Products using a large number of aliases on 'business to business' ("B2B") selling platforms such as DIYtrade.com, Alibaba.com, EC21.com and Tradekey.com, as well as on stand-alone web stores Defendants operate such as buychionline.com, buyironchi.com, and chi4hair.com ("Infringing Web Stores"). Defendants are selling the Counterfeit Products as genuine CHI Products. Any of Defendants' B2B sites web pages and Infringing Web Stores might appear to unknowing consumers to be legitimate sales outlets authorized to sell genuine CHI Products.

66. Defendants, without any authorization from Plaintiff, have knowingly and willfully used and continue to use the CHI Marks in connection with the advertisement, offer for sale and sale of the Counterfeit Products, through the Internet.

67. The Counterfeit Products are not genuine CHI Products. Plaintiffs did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.

68. Defendants' use of the CHI Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause

12

and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Farouk.

69. To perpetuate their scheme, Defendants have registered and are using a large number of domain names containing the CHI Marks including, without limitation, the domain names: chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com (collectively, the "Infringing Domain Names").

70. The Infringing Domain Names registered by Defendants are identical and/or confusingly similar to one or more of the CHI Marks.

71. Defendants have registered and are using the Infringing Domain Names as locations for Infringing Web Stores with the bad-faith intent to profit from these marks, namely setting up websites located at the Infringing Domain Names acting in conjunction with their web pages on the B2B Sites to deceive consumers into believing these websites selling Counterfeit Products are actually selling authentic CHI Products.

**COUNT ONE**

**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**(15 U.S.C. § 1114)**

72. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

73. The CHI Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with CHI Products and related services of the very highest quality and reputation finding their source from Farouk.

74. Without Plaintiff's authorization or consent, and having knowledge of both Plaintiff's well-known and prior rights in CHI Marks and the fact that Defendants' Counterfeit Products bear marks which are intentionally confusingly similar to the CHI Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Farouk's sale of genuine CHI Products, in or affecting interstate commerce.

75. Defendants' use of copies or simulations of the CHI Marks in conjunction with Defendants' B2B web pages and Infringing Web Stores is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by Farouk, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

76. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

77. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

78. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as Farouk's genuine CHI Products sold and offered for sale by Farouk and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

79. By misappropriating and using the CHI Marks and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit

14

Products and create a likelihood of confusion by consumers as to the source of such merchandise.

80. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by Farouk, all to Defendants' profit and to Plaintiff's great damage and injury.

81. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the CHI Marks, in connection with their goods and services, in interstate commerce constitutes a false designation of origin and unfair competition.

82. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT THREE

### CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### (15 U.S.C. § 1125(d)(1))

83. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

84. The Infringing Domain Names are identical or confusingly similar to one or more of the CHI Marks, which were distinctive and/or famous at the time Defendants registered each of the Infringing Domain Names.

85. Defendants registered and have used the Infringing Domain Names with a bad-faith intent to profit from the CHI Marks.

86. Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

15

87. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT FOUR

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

88. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

89. The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendants, Plaintiff has suffered and will continue to suffer injury and damage in an amount yet to be determined. The acts of infringement by Defendants have resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Such acts of trademark infringement and unfair competition have caused great harm to Plaintiff.

90. The continuing acts of Defendants are jeopardizing the goodwill of Plaintiff and its valuable CHI Marks, and such acts have caused and will continue to cause irreparable injury to Plaintiff and to the consuming public. The acts of Defendants complained of herein have caused irreparable injury to Plaintiff and to the public, for which there is no adequate remedy at law. Additionally or in the alternative, Plaintiff seeks an accounting and its actual and consequential damages as a result of Defendants' infringing acts which have resulted in confusion among the public. Moreover, Plaintiff seeks punitive and enhanced damages for Defendants' willful conduct.

## DEMAND FOR JURY TRIAL

FSI demands a trial by jury on all claims and issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be permanently enjoined and restrained:

    a. from using the CHI Marks in any manner in connection with the advertising, offering for sale, or sale of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with each of the CHI Marks;

    b. from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, which are not Plaintiff's or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the CHI Marks;

    c. from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

    d. from further infringing the CHI Marks and damaging Plaintiff's goodwill;

    e. from otherwise competing unfairly with Plaintiff in any manner;

    f. from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor

17

authorized by Plaintiff to be sold or offered for sale, and which bear any of the CHI Marks; or

    g.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names or any other domain name that incorporates, in whole or in part, any of the CHI Marks.

6. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 5, a through g, *supra.*

7. That the Infringing Domain Names be deleted from the root zone servers operated and maintained by the domain name registries VeriSign, Inc.

8. That VeriSign, Inc. be required to cooperate with a registrar to be appointed by Plaintiff to re-register the Infringing Domain Names in Plaintiff's respective names and under Plaintiff's respective ownership.

9. That Defendants account for and pay over to Plaintiff profit realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

10. In the alternative, that Plaintiff be awarded statutory damages of $2,000,000 for each and every CHI Mark counterfeited by each Defendant and $250,000 per Infringing Domain Name for Defendants' willful counterfeiting and cybersquatting of the CHI Marks.

11. That Plaintiff be awarded reasonable attorneys fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth

18

under Sections 34-39 of the 1946 Trademark Act and/or C.G.S.A. §§ 35-11(i), 42-110(a) *et seq.*, 42-110(b) *et seq.*

                                                         Respectfully submitted,

                                                         GREENBERG TRAURIG LLP

Dated: July 26, 2010                               By: /Anthony F. Matheny/
                                                          Anthony Matheny
                                                          Attorney-In-Charge
                                                          Texas State Bar No. 24002543
                                                          S.D. Texas Admission No. 303157
                                                          1000 Louisiana, Suite 1700
                                                          Houston, Texas 77002
                                                          (713) 374-3583 (Telephone)
                                                          (713) 754-7583 (Fax)

Of Counsel:

Ben D. Tobor
Texas State Bar No. 20050900
S.D. Texas Admission No. 5254
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: 713-374-3568
Facsimile: 713-754-7568


Scott Gelin
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Pro hac vice pending*

                                                     *Attorneys for Farouk Systems, Inc.*

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Farouk Systems, Inc.

**DEFENDANTS**
EYOU International Trading Company, Ltd., Fuzhou Henqju Trade Co. Ltd., Ebrandsale Trade Co. Ltd., Ebagi Trading Co. Ltd., et al.

(b) County of Residence of First Listed Plaintiff: **Harris**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Greenberg Traurig LLP, 1000 Louisiana Street, Suite 1700, Houston, Texas 77002; 713-374-3583

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 USC 1114; 15 USC 1125**
Brief description of cause:
Trademark infringement and unfair competition action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 07/26/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____