IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC.<br><br>                Plaintiff<br>v.<br><br>EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD.,  EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO.,  LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., | Civil Action No. 4:10-mc-300<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>**FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116** |

| |
|---|
| PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES AND XYZ COMPANIES, <br><br>                    Defendants. |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Plaintiff FAROUK SYSTEMS, INC. ("Plaintiff"), pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, hereby moves this Court for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction against Defendants EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI

2

CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES AND XYZ COMPANIES (collectively "Defendants") regarding Defendants' manufacture, import, export, distribution, offer for sale, and sale of counterfeit goods bearing Plaintiff's trademarks.

Plaintiff's Memorandum of Law and the Declarations of Scott Gelin, Wisam Ghuneim, and Matthew Hewlett. and the Exhibits annexed thereto in support of this Motion are submitted contemporaneously herewith.

                      Respectfully submitted,

                      GREENBERG TRAURIG LLP

Dated: July 26, 2010          By: /Anthony F. Matheny/
                      Anthony Matheny
                      Attorney-In-Charge
                      Texas State Bar No. 24002543
                      S.D. Texas Admission No. 303157
                      1000 Louisiana, Suite 1700
                      Houston, Texas 77002
                      (713) 374-3583 (Telephone)
                      (713) 754-7583 (Fax)

Of Counsel:

Ben D. Tobor
Texas State Bar No. 20050900
S.D. Texas Admission No. 5254
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: 713-374-3568
Facsimile: 713-754-7568

Scott Gelin
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Pro hac vice pending*

                      *Attorneys for Farouk Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| FAROUK SYSTEMS, INC.<br><br>                    Plaintiff<br><br>v.<br><br>EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., | Civil Action No. 4:10-mc-300<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>**FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. § 1116** |

1

| |
|---|
| BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES AND XYZ COMPANIES, |
| Defendants. |

**[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Plaintiff FAROUK SYSTEMS, INC. ("Farouk" or "Plaintiff") having moved *ex parte* against Defendants EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE

2

COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES, AND XYZ COMPANIES (collectively, "Defendants") for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of Plaintiff's federally registered trademarks, as listed in Plaintiff's Complaint filed concurrently herewith and incorporated herein by reference, which

3

trademarks (collectively, the "CHI Marks") are owned and controlled by Plaintiff and used in connection with products listed in Plaintiff's Complaint and incorporated herein by reference (collectively, the "CHI Products"), and the Court having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted herewith, finds:

1. Plaintiff is likely to succeed in showing that Defendants are part of an online counterfeiting ring, manufacturing, distributing, offering for sale and/or selling counterfeit CHI Products -- including but not limited to hair styling irons and other beauty products -- bearing counterfeits of Plaintiff's CHI Marks ("Counterfeit Products"), as well as counterfeits of other trademarked goods, at wholesale and retail to buyers in the United States, including in this Judicial District;

2. The distributing, offering for sale and/or selling of Counterfeit Products will result in immediate and irreparable injury to Plaintiff if injunctive relief is not granted;

3. Defendants have gone to great lengths to conceal and/or move themselves and their ill-gotten proceeds from Plaintiff's and this Court's detection and reach including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

4. Defendants would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, and business records relating thereto inaccessible to the Court if Plaintiff was to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action;

5. Plaintiff's harm from denial of the requested *ex parte* Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

6. Plaintiff has represented that it has not publicized the requested Order;

7. Plaintiff has provided the United States Attorney with reasonable notice of this application for an *ex parte* Order;

8. Plaintiff has demonstrated that Defendants are selling Counterfeit Products on their own specialized web pages of the online 'business to business' ("B2B") selling platforms DIYtrade.com; Alibaba.com, Tradekey.com, and EC21.com and ("Defendant's B2B Web Pages") as well as by operating a large, fluid network of websites ("Defendants' Websites"), as set forth in **Exhibit B** attached to the Declaration of Matthew Hewlett in support of this Order, including by using various domain names, including, without limitation, the following domain names containing the CHI Marks:

> chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com

(collectively, the "Infringing Domain Names"); and

9. Entry of an Order other than an *ex parte* Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's equitable remedies for trademark counterfeiting, including: *inter alia,* the restraint of Defendants' counterfeiting operations including Defendant's Web Pages and Defendants' Websites, the seizure of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Counterfeit Products, and preservation of Plaintiff's right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products.

THEREFORE, IT IS HEREBY ORDERED that Defendants show cause on or before the ____ day of _____ 2010 at ____ a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom _____, in the United States District Court for the Southern District of Texas,

5

_____, why an order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiff a preliminary injunction as follows:

(a) Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

(i) using Plaintiff's CHI Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CHI Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine CHI Products bearing Plaintiff's CHI Marks; and

(ii) passing off, inducing or enabling others to sell or pass off any hair styling irons, hair dryers or other items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and

(iii) committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiff's genuine merchandise unless they are such; and

(iv) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner hair styling irons or other items falsely bearing Plaintiff's CHI Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(v) utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of Plaintiff's CHI Marks; and

(vi) operating Defendant's B2B Web Pages and Defendants' Websites.

(b) Impounding, during the pendency of this action, all Counterfeit Products in the current custody or control of Defendants and other materials and merchandise seized pursuant to the provisions of this Order.

(c) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

(d) Ordering transfer of the Infringing Domain Names, whether by the domain name registry, namely VeriSign, Inc., or by the individual registrars, which hold one or more of

6

the Infringing Domain Names, to a registrar of Plaintiff's selection to hold and disable the Infringing Domain Names until further order from this Court.

IT APPEARING to the Court that Defendants are distributing, offering for sale and/or selling Counterfeit Products, including via Defendant's Web Pages and Defendants' Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiff's application for a Preliminary Injunction, Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, the online B2B selling platforms Alibaba.com, Tradekey.com, EC21.com and DIYtrade.com, or having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

(a) Committing any of the acts set forth in subparagraphs (a)(i)-(vi) above;

(b) Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' B2B Web Pages, Defendants' Websites, and/or Defendants' assets and operations; and

(c) Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Web Pages, Defendants' Websites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CHI Marks; and it is further

ORDERED, that discovery herein may begin immediately by Plaintiff by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant

account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com and EC21.com and Internet service providers, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant, Defendants' B2B Web Pages and/or Defendants' Websites, including without limitation, the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com, EC21.com and Internet Service Providers ("ISP"), back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall within two (2) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a) The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' B2B Web Pages, Defendants' Websites, Infringing Domain Names and financial accounts;

(b). Defendants' B2B Web Pages and Defendants' Websites;

(c). The Infringing Domain Names or any domain name registered by Defendants; and

(d). Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation

with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA).

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that Plaintiff shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars $10,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Plaintiff may complete service of process on Defendants by electronic mail at the following one hundred and three (103) email addresses, which Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4:

> 0086shopping@gmail.com, 21313783@QQ.com, 21ctradecom@gmail.com, aa@xidatrade.com, aaa4084@hotmail.com, airjay2388@yahoo.com, b2byeah@hotmail.com, bafqbssfei@gmail.com, banny-psw@hotmail.com, bestgoodsoffer@yahoo.com, bestwholesalerplatformceo@hotmail.com, brandkey@yahoo.com, brandname999@yahoo.com, brandshoescap@hotmail.com, chighd2009@gmail.com, christina_0617@hotmail.com, ebagi22@gmail.com, ebagiorder@gmail.com, ebrandsale@hotmail.com, ecfore@cgpindustry.com, echo2010b2b@hotmail.com, ectrade66@yahoo.cn, eyoutrade@eyoutrading.com, fangztrade@gmail.com, fashionfordiscount@yahoo.cn, ghdfromfactory@gmail.com, good299@hotmail.com, goodtrade@21cn.com, guoshan1976@yahoo.cn, happyt2010@yahoo.com, hxtrade01@gmail.com, hzdc1@hotmail.com, iestrade2010@hotmail.com, jennyguo1900@gmail.com, ke-jin-yao@hotmail.com, kemydesign@hotmail.com, kingbose-service@hotmail.com, larry_carry@163.com, lifangliao@yeah.net, linhang123@hotmail.com, linhaotrade86@hotmail.com, lukyzone2009@hotmail.com, lyx1002@gmail.com, maggielinxm@yahoo.com, mary@ebuyg.com, meiqun88@hotmail.com, mk4chi@hotmail.com, myway.sale@gmail.com, myway-sales@hotmail.com, nfl09sookie@gmail.com, nflhotsaleceo@gmail.com, nflsell@yahoo.cn, nflselling001@gmail.com, nflspicy@gmail.com, nflsupplier@hotmail.com, nfltradesusanna@gmail.com, nick.trademail@gmail.com, nikeaf1jordan08@msn.com, nikeprovide@hotmail.com,

ouvi@qq.com, peter_hsu61@yahoo.com.cn, popgift@yahoo.com, qi-junsheng@hotmail.com, reid_wang@163.com, ruima.staff05@hotmail.com, sales@cn-eyou.com, sales@eabayson.com, service04@hotmail.com, servicekey1998@hotmail.com, shary168@hotmail.com, shgm02@hotmail.com, shoppinginjoy@hotmail.com, skygrouptrade@hotmail.com, skyshoppingnet@hotmail.com, skyshoppingnet@yahoo.com.cn, skytrade200988@hotmail.com, smilegws@gmail.com, sunfavorco@hotmail.com, sweet9898@21cn.com, tradegogogo@hotmail.com, tradehc88@yahoo.com, trust99@31cn.com, trustfriendforever@163.com, trustprima@trustprima.com, ubestsupplier@yahoo.com, us@xidatrade.com, uuwholesaler@hotmail.com, vcshoes55@hotmail.com, vipchina99@yahoo.cn, wangyi-trade@hotmail.com, wcyshally@hotmail.com, wearfordiscount@hotmail.com, welcome7898@gmail.com, wendichen123@yahoo.com.cn, xiaofenfenlv@163.com, yibutian@hotmail.com, ying2010@hotmail.com, and zz00220@yahoo.cn, and it is further

ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, which may be made on Defendants by electronic mail, and that such service shall be made within seven (7) days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Plaintiff's counsel file with the court within ten (10) business days after this Order is executed, an affidavit or declaration stating the date on which the Order was executed, the means of serving Defendants, whether domain names were seized and a description thereof and whether assets were seized and/or restrained a description thereof; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' B2B Selling Pages, Defendants' Websites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Websites and that such

accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

(1) an accounting of all of such Defendant's assets located in the United States having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

(2) uncontradicted documentary proof accepted by Plaintiff, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the Infringing Domain Names shall be transferred to Plaintiff pending further order of the Court; and it is further

ORDERED that the registry for each of the Infringing Domain Names, namely VeriSign, Inc., disable all existing Domain Name Server (DNS) entries and corresponding addresses for the Infringing Domain Names to prevent further damage caused by Defendants' use of these domain names, and transfer the Infringing Domain Names to a registrar of Plaintiff's choice pending further order of the Court; and it is further

ORDERED that the gaining registrar for each of the Infringing Domain Names replace all Domain Name Server (DNS) entries and corresponding addresses with such registrar's default Domain Name Server and address entries to prevent further damage caused by Defendants' use of the Infringing Domain Names; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of Greenberg Traurig, 1000 Louisiana Street, Suite 1700, Houston, TX 77002, Attention: Anthony Matheny, Esq., before _____ a.m./p.m. on _____, 2010. Any reply shall be filed and served by Plaintiff by _____; and it is finally;

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED this _____ day of July, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE