UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. 4:10-mc-00300 |
| v. | § | |
| | § | |
| EYOU INTERNATIONAL TRADING | § | |
| COMPANY, LTD.; FUZHOU HENQJU | § | [FILED UNDER SEAL PURSUANT |
| TRADE CO. LTD.; EBRANDSALE | § | TO 15 U.S.C. § 1116] |
| TRADE CO. LTD.; EBAGI TRADING CO. | § | |
| LTD.; HANGZHOU DREAM CLOUDS | § | |
| GARMENT STORE; et al. | § | |
| Defendants | | |

**DECLARATION OF WISAM GHUNEIM IN SUPPORT OF THE PLAINTIFF'S
*EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER,
SEIZURE ORDER, DOMAIN NAME TRANSFER ORDER, ASSET
RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO
SHOW CAUSE FOR PRELIMINARY INJUNCTION**

I, Wisam Ghuneim, under penalty of perjury, declares and says:

1. I am General Counsel of Plaintiff Farouk Systems, Inc. ("Farouk"), located at 250 Pennbright Drive, Houston, TX 77090. Among other duties, I am responsible for overseeing the protection of Farouk's intellectual property rights, including its trademarks, and pursuing infringers and counterfeiters. I am very familiar with the quality and characteristics of genuine Farouk products, including hair straightening irons, hair dryers and other products bearing Farouk's well-known, federally registered trademarks.

2. I submit this declaration in support of Farouk's *ex parte* Application for a Temporary Restraining Order, Seizure Order, Domain Name Transfer Order, Asset

Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction against EYOU INTERNATIONAL TRADING COMPANY, LTD.; FUZHOU HENQJU TRADE CO. LTD.; EBRANDSALE TRADE CO. LTD.; EBAGI TRADING CO. LTD.; HANGZHOU DREAM CLOUDS GARMENT STORE; *et al.* (collectively, "Defendants").

   3. If called upon as a witness, I could testify as to all facts set forth in this declaration from my personal knowledge and/or my review of Farouk's files.

   4. Farouk designs, manufactures and sells of a wide range of high-quality and innovative hair care and hair styling products, among other products and services. Farouk is the successor in interest to the company founded by well-known stylist and entrepreneur Farouk Shami in 1986, who still runs Farouk today. Over the past 24 years, Farouk has become known for its high-quality and unique products and recognized by consumers as one of the leaders in the hair care industry. Farouk has also become known for the value of its products and for its commitment to customer service.

   5. One of Farouk's most successful product lines is its CHI brand, which includes a full line of hair styling irons, hair dryers and other hair care products (collectively, the "CHI Products"). CHI Products currently account for approximately 60% of Farouk's annual revenue. Like its other products, Farouk maintains high safety and quality control standards for its CHI Products. True and correct copies of photographs showing Farouk's genuine hair straightening irons bearing the mark CHI are attached hereto as <u>Exhibit A</u>.

   6. As set forth in more detail in the Complaint in this action, Farouk owns the entire right, title and interest in and to dozens of trademark registrations containing

the trademark CHI (the "CHI Marks") throughout the world, including in the U.S., where Farouk owns Registration Nos. 2,660,257 and 3,107,769 with the U.S. Patent and Trademark Office along with more than 20 other U.S. trademark registrations and applications for the CHI Marks. Both of the foregoing federal registrations are valid, subsisting, and in full force and effect. Farouk, along with its predecessor-in-interest, have used the CHI Marks in interstate commerce in the U.S. since at least 2002 in connection with its sale of CHI Products, and plans to continue such use in the future.

7. In addition, Farouk owns Registration Nos. 3396005 and 6543059 for the mark CHI in the Chinese Trade Mark Office for electric hair tools. True and correct copies of these Chinese registrations are attached hereto as Exhibit D.

8. For its entire existence, Farouk has been located in Houston, TX. Farouk currently employs more than 1,000 workers, mostly at its Houston headquarters. In 2009, Farouk moved much of its manufacturing, including manufacturing of its CHI hair irons, from China to Houston, hundreds of local manufacturing jobs. Attached hereto as Exhibit E is a true and correct copy of a news article about Farouk's decision to move its manufacturing back to Houston, which appeared in *The Wall Street Journal* on August 24, 2009.

9. Among of the products Farouk currently manufactured exclusively at its Houston plant its line of tools its 'Made in the USA' line of irons CHI hair irons and other electric hair tools. See Exhibit A.

10. Farouk's CHI Products are sold by Farouk to the general public through authorized distributors and in authorized retail locations.

11. Each year, Farouk spends hundreds of thousands of dollars in advertising, marketing, and promoting CHI Products bearing the CHI Marks in the U.S. As a result of Farouk's marketing, advertising and promotion of the CHI Products, the CHI Marks have become extremely well-known in the U.S. with customers and potential customers as exclusively identifying Farouk's products and services. Consequently, Farouk has acquired and enjoys an outstanding reputation and significant goodwill associated with the CHI Marks on the CHI Products. Farouk's CHI Marks are thus invaluable assets to Farouk.

12. Given the enormous value of the CHI Marks to Farouk, Farouk makes great efforts to combat the distribution and sale of counterfeits of CHI Products bearing the CHI Marks.

**COUNTERFEIT CHI PRODUCTS SOLD ONLINE**

13. Sales of counterfeit versions of CHI Products ("Counterfeit CHI Products") are enormously damaging to Farouk and the goodwill it has built up in its CHI Marks. Counterfeit CHI Products have been designed to replicate genuine CHI Products, and consumers who ultimately purchase these lower-quality counterfeits are deceived into believing they are buying genuine CHI Products. These counterfeit sales result in a loss of reputation to Farouk and its CHI Products and possible consumer safety issues, not to mention lost sales for Farouk.

14. Farouk actively combats the sale of counterfeit CHI Products in a variety of ways. Indeed, one of the factors in Farouk's decision to move much of its manufacturing from China to Texas was to make it easier to identify Counterfeit CHI Products coming from China.

15. In June 2009, Farouk was granted a General Exclusion Order under Section 337 of the Tariff Act of 1930 (19 U.S.C. §1337) prohibiting the unlicensed importation of Counterfeit CHI Products. The General Exclusion Order directs U.S. Customs and Border Protection to exclude Counterfeit CHI Products from entry into the U.S. A true and correct copy of the General Exclusion Order is attached hereto as <u>Exhibit F</u>.

16. Farouk has become aware that huge quantities of Counterfeit CHI Products are being offered on the Internet, including on the "business-to-business" or "B2B" selling platforms DIYTrade.com, Alibaba.com, Tradekey.com, and EC21.com (collectively, the "B2B Sites"), as well as dozens of affiliated stand-alone web sites. These B2B Sites contain thousands of wholesale offers for products sold as original CHI Products mostly sourced from China. Although Farouk has been the victim of counterfeiting before, both on the Internet and elsewhere, the size and scale of this group of Defendants' activities are beyond anything that Farouk has previously discovered.

17. I believe that the CHI Products offered on the B2B Sites are counterfeit based on a number of different factors including that: 1) none of the sellers of CHI Products on the B2B Sites are authorized manufacturers, distributors or sellers CHI Products and, in fact, there are no authorized distributors or sellers of CHI Products in China; 2) many of the models being offered from China on the B2B Sites, such as the "Made in USA" CHI Products, are actually only manufactured in the U.S.; 3) many of the particular CHI Products on the B2B Sites can be identified as being counterfeit based on the photographs of these products alone and 4) the wholesale prices of the CHI Products and quantities of CHI Products being offered indicate they are counterfeit.

18.     To make absolutely certain that the CHI Products being offered on the B2B Sites are counterfeit, outside investigators Vaudra, Ltd. ("Vaudra") have been instructed to investigate sellers on these B2B Sites and to purchase a sample CHI Product from each different Defendant.  Vaudra investigators have been trained to identify Counterfeit CHI Products and to distinguish them from genuine CHI Products.  Vaudra investigators have identified each and every one of the forty-six (46) CHI Products purchased to date in this investigation as being Counterfeit CHI Products.

19.     As an additional check, on or about June 15, 2010, a representative of Vaudra sent me for my examination six (6) of the CHI Products (various models of hair styling irons and a hair dryer) purchased in the course of this investigation, from each of the six (6) following Defendants: Ebayson Trading Co. Ltd., LOL Wholesaler Trading Inc., China Wangyi Trade Co. Ltd., Putian Shunwang Trade Co. Ltd., Sunfavor Industry Development Co. Ltd., Zhuhai Xiangzhou Kaiyue Computer Firm and NFL Supplier Trade Co. a/k/a S&S Fashion Trading C. Ltd. a/k/a Ailike International Trade Co. Ltd.

20.     Upon examination, I have determined that all six (6) of the CHI Products referenced above are Counterfeit CHI Products.  I made this determination based on a variety of reasons including, without limitation, the following:

> a.  the materials, textures and finishes of the Counterfeit CHI Products are different from those of genuine CHI Products;
>
> b.  the component parts of the Counterfeit CHI Products are not the authentic parts found on genuine CHI Products;
>
> c.  the boxes and packaging of the Counterfeit CHI Products are different from those of genuine CHI Products; and

      d.    the overall construction and quality of the Counterfeit CHI Products is not the same as genuine CHI Products.

True and correct representative photographs of the Counterfeit CHI Products are attached hereto as Exhibit B. True and correct representative photographs showing side-by-side comparisons of the genuine CHI Products and Counterfeit CHI Products are attached hereto as Exhibit C.

21. Farouk did not manufacture, inspect, package or approve the Counterfeit CHI Products prior to sale or distribution and Defendants are in no way authorized to sell the Counterfeit CHI Products.

22. While the Counterfeit CHI Products have been designed to be exact copies of genuine CHI Products and are being sold as genuine CHI Products, the Counterfeit CHI Products are not of the same quality as genuine CHI Products.

23. The Counterfeit CHI Products are so similar to genuine CHI Products that it is likely consumers will be deceived, at least initially, into believing Defendants' Counterfeit CHI Products are authentic CHI Products.

24. Defendants' sale of Counterfeit CHI Products is incredibly damaging to Farouk's reputation and goodwill, as well as to its rightful market position.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Houston, Texas on July 20th, 2010.

_____
WISAM GHUNEIM