UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § § | |
| Plaintiff | § | CIVIL ACTION NO. 4:10-mc-00300 |
| v. | § § | |
| EYOU INTERNATIONAL TRADING COMPANY, LTD.; FUZHOU HENQJU TRADE CO. LTD.; EBRANDSALE TRADE CO. LTD.; EBAGI TRADING CO. LTD.; HANGZHOU DREAM CLOUDS GARMENT STORE; *et al.* | § § § § § § § § | [FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |
| Defendants. | § § | |

**DECLARATION OF MATTHEW HEWLETT IN SUPPORT OF THE PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, DOMAIN NAME TRANSFER ORDER, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

MATTHEW HEWLETT, under penalty of perjury, declares and says:

1. I am a private investigator licensed by the State of North Carolina and employed by Vaudra, Ltd. ("Vaudra"), a North Carolina-based investigation company. I have been employed as a private investigator, focusing on trademark infringement for the past six years. I have been employed by Vaudra since October 2009. I have conducted and/or participated in approximately four hundred trademark investigations involving counterfeit goods, including those sold on the Internet. I am familiar with investigations regarding counterfeit electronics and health and beauty products, among other goods.

2. I submit this declaration in support of Farouk Systems, Inc.'s ("Farouk" or "Plaintiff") *ex parte* Application for a Temporary Restraining Order, Seizure Order,

Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for a Preliminary Injunction against EYOU INTERNATIONAL TRADING CO., LTD.; FUZHOU HENQJU TRADE CO. LTD.; EBRANDSALE TRADE CO. LTD.; EBAGI TRADING CO. LTD.; HANGZHOU DREAM CLOUDS GARMENT STORE; *et al.* (collectively, "Defendants").

3. The following actions were undertaken by myself, or in conjunction with other Vaudra investigators. If called upon as a witness, I could testify to the following from personal knowledge and/or a review of business files.

4. I am very familiar with Farouk's line of CHI hair styling irons, hair dryers and other products (collectively, the "CHI Products") as well as Farouk's famous trademarks, including those it uses in conjunction with its CHI Products (collectively, the "CHI Marks.")

5. In the course of conducting this and other investigations for Farouk, I have become familiar with individuals and businesses who manufacture, source, offer to sell and sell counterfeit products falsely bearing the CHI Marks and designed to look like genuine CHI Products ("Counterfeit CHI Products"), including those who sell Counterfeit CHI Products via the Internet. I have been trained and am able to identify and distinguish Counterfeit CHI Products from genuine CHI Products.

**Defendants Selling Counterfeit CHI Products Via B2B Sites**

6. In May 2010, at the request of Farouk, Vaudra began to investigate sales of Counterfeit CHI Products by sellers using the online "business-to-business" or "B2B" selling platforms DIYTrade.com, Alibaba.com, Tradekey.com and EC21.com (collectively, the "B2B Sites"). The B2B Sites are on-line marketplaces that connect

2

third-party sellers of wholesale goods primarily in China with prospective buyers primarily in the U.S. DIYTrade.com, Alibaba.com and Tradekey.com appear to be based primarily in China but the content on each of these sites appears to be primarily in English. Alibaba.com and Tradekey.com are hosted on US servers. EC21.com appears to be based primarily in Korea and hosted on Korean servers, but the content appears to be primarily in English.

7. Sellers who are members of one of these B2B Sites can configure their own web pages, where they can display and offer products for sale and provide selling information like contact information, prices, minimum order amounts and payment and shipping information. Sellers can be contacted and can receive orders via these web pages. Sellers typically provide other information on their web pages such as annual sales volume, pictures of what they claim are their offices and production facilities and assurances of the quality and authenticity of the products they are selling.

8. Each of the B2B Sites we have investigated offers to provide its member sellers with one or more "trust seals" that its member sellers can acquire for a fee, and display as icons on their selling pages such as: [Gold Supplier], [Verified Supplier], [Biz Member], TRADE PRO and [GoldKey Member]. These trust seals are meant to indicate to buyers that the particular seller is a reputable business and that it is selling genuine goods.

9. In the course of our investigation, we have observed that at any given time on the B2B Sites, there are approximately 1,000 different sales offers for CHI Products, generally for CHI hair styling irons. These sales offers are almost all from China offering to sell large quantities of CHI Products at wholesale. A few sellers on these B2B Sites

3

claim to be selling from the U.S. or Canada but, as discussed below, our investigation has revealed that these sellers are actually located in China. Representative samples of screenshots from Defendants' web pages are attached hereto as **<u>Exhibit A</u>**.

10. Through the course of the investigation, we learned that these more than 1,000 sales offers for CHI Products on the B2B Sites are supposedly being offered by approximately 60 to 70 different sellers. However, our investigation has shown that these sales are being offered by a small group of interconnected sellers using multiple false identities.

11. Each Defendant in this action operates one or more web pages where it offers to sell and sells original CHI Products in their original packaging. Some overtly claim that the CHI Products they are selling are genuine or that the seller itself is an authorized manufacturer of CHI Products. Others state that the CHI Products are the same quality as original. Each Defendant sells CHI Products that are intended for the U.S. market -- that is, each offers CHI Products with a plug for use in the U.S. In fact, five (5) of the CHI Products purchased in this investigation were from Farouk's "Made in U.S.A." line (all of which shipped from China and identified as counterfeit). *See* **<u>Exhibit A</u>**

12. Each Defendant in this action operates its web page entirely in English, sells its products in U.S. Dollars and accepts PayPal, a popular U.S.-based payment provider. Based on our investigation, I believe each Defendants business is directed entirely or almost entirely to U.S. customers and that each Defendant will willingly ship CHI Products to any U.S. address, including anywhere in Texas.

13. We contacted each Defendant via its web page found on one of the B2B Sites and thereafter did business with each Defendant entirely via its web page and/or email. In each instance all communication was in English and with myself or another investigator

4

posing as a someone wishing to buy CHI Products at wholesale for resale in the U.S. A list of Defendants and information about our purchases of Counterfeit CHI Products is attached hereto as **Exhibit B.** In addition to CHI Products, each Defendant is selling an assortment of other branded products we believe to be counterfeit, such as designer handbags and apparel.

14. As part of our investigation, we purchased and received forty-six (46) CHI Products, different models of CHI hair styling irons and hair dryers, one from each named Defendant in this action.

15. I have inspected each of the forty-six (46) CHI Products received to date from the investigative purchases described above and have determined each of them to be a Counterfeit CHI Product.

16. Eleven (11) of the CHI Products purchased over the course of this investigation were sent by Defendants to an address in Houston, Texas.

17. The Counterfeit CHI Products bear similar irregularities and indicia of being counterfeit to one another, leading me to believe the Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated.

**Defendants' Use of Multiple False Identities**

18. Over the course of the investigation, we learned that Defendants are operating under a series of false names and addresses. We also learned that Defendants are controlling and using several different seller names on B2B Sites and elsewhere to sell Counterfeit CHI Products. To cite two of many examples of Defendants using multiple false names on the B2B Sites: (a) our investigation has revealed that the Tradekey.com seller listed as Hodonnet Co., Ltd. claiming to be located at 118 Zhenyang Road, Xiamen, Fujian, China

5

is the same as the Tradekey.com seller listed as NFL Sell Trade Co., Ltd. claiming to be located at Nancheng Road, Putian, Fujian, China and (b) our investigation has revealed that EC21.com seller listed as Make Hair Beautiful Co., Ltd. claiming to be located at Putian City, Fujian Province, Chun Road East, Silk Huating B, Putian Fujian 351600 China is the same person/entity as Tradekey.com seller listed as Foreveroffer CHI & T3 Hair Products Co., Ltd., claiming to be located at B7-6, Xiushui Garden, Dongshen Road, Putian, Fujian, China 351100. *See* **Exhibit B**.

19. One Defendant, Flat CHY Limited Co. claims to be located in Newark, NJ at 58 Riverview Terrace, Apt. 11C, Newark, NJ 07106. Through our investigation, we determined that this address does not exist and that no one is doing business from this location. Through our investigation, we determined that Defendant Flat CHY Limited Co. is actually located in China but pretending to be located in New Jersey. In addition, another Defendant, Flat CHY Iron Outlet, lists this same false New Jersey address on its Alibaba.com selling page. In my experience, China-based sellers sometimes pretend to be located in the U.S. in order to win the trust of prospective buyers who might be dubious of buying goods such as the CHI Products from a seller in China. Similarly, another Defendant, Suansu Shop, claims on its Alibaba.com page to be located in "Vancouver, Canada", but the Counterfeit CHI Product we purchased from this seller arrived from China with the return address "Shanghai, China" and no other information.

20. All of the purchases described in Paragraphs 11-17 above were shipped from China via China Courier Service Corporation's Express Mail Service ("EMS") (or, in two instances, from Hong Kong via DHL Express). These goods all arrived in similar packaging.

6

21. U.S. Customs and Board Protection ("CBP") requires that all packages entering the U.S. from another country be accompanied by a Declaration Form (CN22) (the "CBP Declaration") completed in English. The CBP Declaration, which is incorporated into the EMS waybill, requires the sender to accurately state its name and address and the contents of the package and to sign a declaration that the package does not contain "dangerous or prohibited goods." In every single purchase in this investigation, the CBP Declaration/waybill was incomplete in the following ways: a) the CBP Declaration/waybill did not contain a discernable or accurate return name and address the sender, b) the From/waybill did not identify the true contents of the package, instead claiming the package contained something else such as "t-shirt," "shoes," "flashlight," "gift," "sample" or "dress," and (c) the CBP Declaration/waybill did not contain a signature declaring that the package did not contain "dangerous or prohibited goods." In my experience, putting false and incomplete information on the CBP Declaration/waybill is a technique commonly used by counterfeiters to avoid detection and liability for counterfeiting by CBP and/or by brand owners. Copies of shipping labels and return addresses are attached hereto as **Exhibit C**. (Certain of the addresses where the CHI Products were sent have been blacked out to preserve my investigative firm's undercover names and addresses.

22. In addition, the senders' names and return addresses listed on the CBP Declarations/waybills of each of the forty-six (46) packages we received were uniformly different from the names and addresses that Defendants list on the web pages from which we purchased the Counterfeit CHI Products.

7

23. For example, the Counterfeit CHI Product we purchased from Alibaba.com seller Defendant Yiwu Xinwang Hardware Commercial Firm arrived in a package (bearing the tracking number supplied to us by this Defendant) with the sender identified as WeiXiang Industry Development Company but no return address. In fact, eight (8) of the purchases we made listed WeiXiang Industry Development Company as the sender without any return address, leading us to believe they came from a common source. Working with China-based investigators, we were not able to find any information that would indicate to us that WeiXiang Industry Development Company is an actual company. In fact, none of the return addresses on the CBP Declarations/waybills contain complete information or indicate an actual company or real address. Approximately a third of the return addresses simply state "Shanghai, China" with no other discernable information. The second column of the chart attached as **Exhibit B** shows the various return addresses for the packages of Counterfeit CHI Products, which are all different from the Defendants' names and addresses on their web pages, as listed in the first column.

24. As stated above, each of the forty-six (46) purchases of Counterfeit CHI Products were made by using PayPal, the popular U.S.-based payment processing service. Each payment was made in U.S. dollars. In each instance, the Defendant provided us with the information for one or more PayPal accounts into which payment should be made. In total, we have been provided with fifty-three (53) PayPal accounts used by Defendants to receive payments. Each of these PayPal accounts is linked to a unique email address, some of which overlap with email addresses Defendants have used to communicate with us. A list of these PayPal accounts (with each account appearing as its associated email address) is included as **Exhibit B**. The names associated with the various PayPal

8

accounts were uniformly different from the names and addresses of the Defendants use on the web pages from which we purchased the Counterfeit CHI Products. In addition, certain seemingly unrelated sellers such as NFL Sell Trade Co. Ltd and Hodonnet Co. Ltd, used the same PayPal account, leading us to believe they are the same Defendant. In the course of the investigation, it was typical for Defendants to ask us not reveal to PayPal that we were purchasing a CHI Product from them. These requests lead me to believe that Defendants are opening PayPal merchant payment accounts for ostensibly legitimate purposes but then using them to sell counterfeit goods, including Counterfeit CHI Products. In my experience, I have learned that use of third-party processors such as PayPal allows Defendants to increase their anonymity, interposing a third-party between the consumer and themselves.

**Defendants Offering Counterfeit CHI Products on Other Web Sites**

25. In the course of our investigation, we also learned that in addition to selling on B2B Sites, almost every Defendant is also operating at least one stand-alone web sites to sell Counterfeit CHI Products ("Defendants' Websites"). We located these related Defendants' Websites in a number of ways. Many of Defendants' web pages on the B2B Sites link to a separate web site. Other Defendants identified separate Defendants' Websites to us during the buying process.

26. Defendants' Websites appear to be intended for retail sales rather than wholesale. Defendants' Web Sites are designed to appear to unknowing consumers to be legitimate web stores authorized to sell genuine CHI Products. The Defendants' Websites are sophisticated-looking and written in English. They provide detailed product descriptions, claim to provide superior customer service, accept payment by PayPal and feature "about

9

us" pages that include descriptions of Farouk's business suggesting that they are established businesses operated by or in conjunction with Farouk. Screen shots from representative samples of Defendants' Websites are attached hereto as **Exhibit A**.

27. The following is a list of domain names associated with Defendants' Web Sites or controlled by Defendants which contain the CHI Marks:

> chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com

It is apparent that Defendants are stockpiling domain names and alternating their uses in order to avoid getting caught. For example, Defendant CHI & T3 Hair Care Foreveroffer Co. Ltd has registered at least ten (10) other domain names containing the CHI Marks including the domain names "chiflatirona.com," "chiflatironb.com" and "chiflatironc.com." This Defendant appears to be moving through this list and putting up its website at different domain names in order to avoid detection.

28. Defendants also conceal their true identities by providing false or incomplete information in the domain names they register for Defendants' Web Sites. The Internet Corporation for Assigned Names and Numbers (ICANN), the body that governs domain names, requires that all who register domain names to provide accurate registration information, which is compiled in a network of publicly-available databases commonly referred to as 'WhoIs.' In most of Defendants' domain name registrations, as visible in WhoIs, Defendants' listed names and addresses are incomplete, nonsense, randomly-typed letters, or street addresses with no cities or states listed. A sample of representative WhoIs pages of Defendants' Web Sites is annexed hereto as **Exhibit D**.

10

29. If you examine the chart in **Exhibit B** and compare the Defendants' names and addresses on the B2B Sites in the first column to the return addresses on the packages of Counterfeit CHI Products we received in the second column, to the PayPal account information in the third column, to the WhoIs registration information in the fifth column, it is apparent that Defendants' *modus operandi* is to use multiple false identities in each different facet of their business in order to avoid getting caught.

30. In my experience, persons/entities who source, offer for sale and/or sell counterfeit goods take every means to conceal their identities in an effort to avoid detection. I have no doubt that if Defendants were given notice of an action against them they would immediately take steps to hide all assets.

**Communication By Email**

31. Because Defendants have falsified and concealed their identities on their B2B web pages, websites, return addresses on the packages of the Counterfeit CHI Products sent, and PayPal accounts, we have been unable to determine Defendants' true identities and locations, and I believe it would virtually be impossible to do so.

32. It is my belief that Defendants do business solely over the Internet in order to hide their true identities and locations.

33. We have communicated with and/or received emails from Defendants, at fifty (50) different email addresses, which I believe are correct and regularly monitored. A list of these email addresses is included in **Exhibit B**.

34. I believe the following one hundred and three (103) email accounts have been or are being used by Defendants to coordinate the sale of or accept payment for Counterfeit CHI Products: 0086shopping@gmail.com, 21313783@QQ.com, 21ctradecom@gmail.com,

11

aa@xidatrade.com, aaa4084@hotmail.com, airjay2388@yahoo.com,

b2byeah@hotmail.com, bafqbssfei@gmail.com, banny-psw@hotmail.com,

bestgoodsoffer@yahoo.com, bestwholesalerplatformceo@hotmail.com,

brandkey@yahoo.com, brandname999@yahoo.com, brandshoescap@hotmail.com,

chighd2009@gmail.com, christina_0617@hotmail.com, ebagi22@gmail.com,

ebagiorder@gmail.com, ebrandsale@hotmail.com, ecfore@cgpindustry.com,

echo2010b2b@hotmail.com, ectrade66@yahoo.cn, eyoutrade@eyoutrading.com,

fangztrade@gmail.com, fashionfordiscount@yahoo.cn, ghdfromfactory@gmail.com,

good299@hotmail.com, goodtrade@21cn.com, guoshan1976@yahoo.cn,

happyt2010@yahoo.com, hxtrade01@gmail.com, hzdc1@hotmail.com,

iestrade2010@hotmail.com, jennyguo1900@gmail.com, ke-jin-yao@hotmail.com,

kemydesign@hotmail.com, kingbose-service@hotmail.com, larry_carry@163.com,

lifangliao@yeah.net, linhang123@hotmail.com, linhaotrade86@hotmail.com,

lukyzone2009@hotmail.com, lyx1002@gmail.com, maggielinxm@yahoo.com,

mary@ebuyg.com, meiqun88@hotmail.com, mk4chi@hotmail.com,

myway.sale@gmail.com, myway-sales@hotmail.com, nfl09sookie@gmail.com,

nflhotsaleceo@gmail.com, nflsell@yahoo.cn, nflselling001@gmail.com,

nflspicy@gmail.com, nflsupplier@hotmail.com, nfltradesusanna@gmail.com,

nick.trademail@gmail.com, nikeaf1jordan08@msn.com, nikeprovide@hotmail.com,

ouvi@qq.com, peter_hsu61@yahoo.com.cn, popgift@yahoo.com, qi-junsheng@hotmail.com, reid_wang@163.com, ruima.staff05@hotmail.com, sales@cn-eyou.com, sales@eabayson.com, service04@hotmail.com,

servicekey1998@hotmail.com, shary168@hotmail.com, shgm02@hotmail.com,

shoppinginjoy@hotmail.com, skygrouptrade@hotmail.com, skyshoppingnet@hotmail.com, skyshoppingnet@yahoo.com.cn, skytrade200988@hotmail.com, smilegws@gmail.com, sunfavorco@hotmail.com, sweet9898@21cn.com, tradegogogo@hotmail.com, tradehc88@yahoo.com, trust99@31cn.com, trustfriendforever@163.com, trustprima@trustprima.com, ubestsupplier@yahoo.com, us@xidatrade.com, uuwholesaler@hotmail.com, vcshoes55@hotmail.com, vipchina99@yahoo.cn, wangyi-trade@hotmail.com, wcyshally@hotmail.com, wearfordiscount@hotmail.com, welcome7898@gmail.com, wendichen123@yahoo.com.cn, xiaofenfenlv@163.com, yibutian@hotmail.com, ying2010@hotmail.com, and zz00220@yahoo.cn. It is my opinion that all of these email accounts are very likely to be currently functioning, capable of receiving messages, and regularly checked for incoming mail.

13

I declare under penalty of perjury that the foregoing is true and correct. Executed in Cornelius, North Carolina on July 20, 2010.

_____
MATTHEW HEWLETT