UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 1 7 2010

Clerk of Court

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § § | |
| Plaintiff | § | |
| v. | § § | CIVIL ACTION NO. 4: 10-cv-2672 |
| EYOU INTERNATIONAL TRADING COMPANY, LTD.; FUZHOU HENQJU TRADE CO. LTD.; EBRANDSALE TRADE CO. LTD.; EBAGI TRADING CO. LTD.; HANGZHOU DREAM CLOUDS GARMENT STORE; *et al.* | § § § § § § § § | [FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |
| Defendants. | § § | |

### DECLARATION OF SCOTT GELIN RELATING TO THE EXECUTION OF PLAINTIFF'S TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

SCOTT GELIN, under penalty of perjury, declares and says:

1. I am an attorney licensed to practice law in the State of New York and before the bars of the Southern and Eastern Districts of New York. I am a shareholder in the law firm of Greenberg Traurig, LLP ("GT") and counsel to Plaintiff FAROUK SYSTEMS, INC. ("Farouk" or "Plaintiff").

2. If called as a witness, I could testify to the following upon personal knowledge and/or upon my review of GT's files on this matter.

3. I submit this declaration as required by the Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (the "Order") against EYOU INTERNATIONAL TRADING COMPANY, LTD.; FUZHOU HENQJU TRADE CO. LTD.;

EBRANDSALE TRADE CO. LTD.; EBAGI TRADING CO. LTD.; HANGZHOU DREAM CLOUDS GARMENT STORE; *et al.* (collectively, "Defendants") signed by The Honorable Kenneth M. Hoyt on August 2, 2010. The Order directs Plaintiff's counsel to submit a declaration, within ten business days after the Order is executed, stating "the date on which the order was executed, the means of serving Defendants, whether domain names were seized and a description thereof and whether asset were seized and/or restrained and a description thereof."

4. On August 6, 2010, Plaintiff served the Order, Complaint, Summons, and supporting papers that have been filed with the Court on Defendants by registered email, pursuant to the Order of email addresses set forth on Page 9-10 of the Order. Service was received, as confirmed by the registered email service RPost, at eighty eight (88) of these email addresses, while ten (10) of the email addresses failed to accept service of these papers. Since that time Plaintiff has served the Order, Complaint, Summons, and supporting papers, on Defendants by registered email, pursuant to the Order on an additional fifty-nine (59) email addresses which Plaintiff identified through expedited discovery as belonging to Defendants. A compilation of registered receipts of email service and/or attempted service for these one hundred fifty seven (157) email addresses is attached hereto as **Exhibit A**.

5. Through expedited discovery, Farouk has learned of twenty-two (22) additional Defendants it has added to this Action as "XYZ Companies." Farouk has served all of these XYZ Company Defendants with the Order, Complaint, Summons, and supporting papers in the manner outlined in Paragraph 4 above. A list of these additional XYZ Company Defendants and information about each is attached hereto as **Exhibit B**. Farouk will add these additional Defendants as named Defendants in its First Amended Complaint, which Farouk plans to file within the next week.

6. On August 3, 2010, Plaintiff served PayPal, Inc. ("PayPal") with the Order, putting them on notice of the asset restraint and expedited discovery provisions of the Order and specific PayPal accounts belonging to Defendants to be restrained. Since that time, Plaintiff has put PayPal on notice of additional PayPal accounts belonging to Defendants to be restrained, which Plaintiff identified through expedited discovery. PayPal has informed Plaintiff that it has restrained approximately one hundred and three (103) different PayPal accounts owned or controlled by Defendants. According to PayPal, the total amount restrained to date is approximately $275,000. PayPal has provided expedited discovery regarding most of these accounts and continues to provide information about the remaining accounts. A schedule of Defendants' PayPal accounts restrained to date is attached hereto as **Exhibit C**.

7. Following Plaintiff's service of the Order and PayPal's restraint of a particular Defendant's account, it was typical for that Defendant to continue to offer to sell and sell counterfeit versions of Farouk's CHI products ("Counterfeit CHI Products") often through one or more different PayPal accounts. Farouk's investigators were able to identify some of these additional PayPal accounts, and Farouk put PayPal on notice of these additional accounts pursuant to the steps describe in Paragraph 6, above. Attached hereto as **Exhibit D** is an updated schedule of information about the named Defendants containing these additional PayPal accounts.

8. On August 6, 2010, Plaintiff served the Order on the dot-com domain name registry VeriSign, Inc. requesting that it temporarily "disable all existing Domain Name Server (DNS) entries and corresponding addresses" for the nineteen (19) domain names identified as the Infringing Domain Names in the Order. On August 9, 2010, VeriSign, Inc. confirmed that it has

temporarily disabled the domain name server entries for the Infringing Domain Names, rendering the web sites located at these Infringing Domain Names unable to be accessed.

9. At the time of this Declaration, no Defendant has served answering papers on Plaintiff as each was required to do before 10:00 a.m. on August 16, 2010. At the time of this Declaration, the vast majority of Defendants continue to sell Counterfeit CHI Products.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of August, 2010 in New York, NY.

_____
SCOTT GELIN