IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC.<br><br>                    Plaintiff<br>v.<br><br>EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., | Civil Action No. 4:10-cv-2672<br><br>**PRELIMINARY INJUNCTION**<br><br>**FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. § 1116**<br><br>United States Courts<br>Southern District of Texas<br>FILED<br><br>AUG 1 7 2010<br><br>Clerk of Court |

1

| |
|---|
| BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES AND XYZ COMPANIES, |
| Defendants. |

## PRELIMINARY INJUNCTION

Plaintiff FAROUK SYSTEMS, INC. ("Farouk" or "Plaintiff") having moved *ex parte* against Defendants EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND

MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES, AND XYZ COMPANIES (collectively, "Defendants") for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Temporary Restraining Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of Plaintiff's federally registered trademarks, as listed in Plaintiff's Complaint filed concurrently herewith and incorporated herein by reference, which trademarks (collectively, the "CHI Marks") are owned and controlled by

Plaintiff and used in connection with products listed in Plaintiff's Complaint and incorporated herein by reference (collectively, the "CHI Products"); and

The Court having issued such Temporary Restraining Order on August 2, 2010, upon a showing by Farouk, *inter alia* of the following:

1. Plaintiff owns all right, title and interest in and to the CHI Marks used in connection with the CHI Products; and

2. Plaintiff is likely to succeed in showing that Defendants are part of an online counterfeiting ring distributing, offering for sale and/or selling counterfeit CHI Products -- including but not limited to hair styling irons -- bearing counterfeits of Plaintiff's CHI Marks ("Counterfeit CHI Products") at wholesale and retail to buyers in the United States, including in this Judicial District; and

3. Plaintiff has demonstrated that Defendants are selling Counterfeit CHI Products on their own specialized web pages of the online 'business to business' ("B2B") selling platforms DIYtrade.com; Alibaba.com, Tradekey.com, and EC21.com and ("Defendant's B2B Web Pages")  as well as by operating a large, fluid network of websites ("Defendants' Websites"), including by using various domain names, including, without limitation, the following domain names containing the CHI Marks:

> chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com; and

4. The distribution, offer for sale and/or sale of Counterfeit CHI Products will result in immediate and irreparable injury to Plaintiff if injunctive relief is not granted; and

5. Defendants have gone to great lengths to conceal and/or move themselves and their ill-gotten proceeds from Plaintiff's and this Court's detection and reach including by using

multiple false identities and addresses associated with their operations and purposely-deceptive contact information; and

6. Defendants would likely destroy, move, hide or otherwise make the Counterfeit CHI Products, Defendants' means of selling and distributing Counterfeit CHI Products, financial accounts used in connection with the sale of Counterfeit CHI Products, and business records relating thereto inaccessible to the Court if Plaintiff was to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action; and

7. Plaintiff's harm from denial of the requested *ex parte* Temporary Restraining Order would outweigh any harm to Defendants' legitimate interests from granting such a Temporary Restraining Order; and

8. That Defendants would not be able to be served with process by traditional means and that serving Defendants by email at the addresses identified in the Temporary Restraining Order would provide adequate service to Defendants pursuant to Fed. R. Civ. P. 4; and

9. Defendants having been served with the Temporary Restraining Order, Complaint, Summons, and supporting papers, including notice of the show cause hearing to be held on August 17, 2010 at 8:30 a.m. in Courtroom 11-A, in the United States District Court for the Southern District of Texas, 515 Rusk, 11th floor, Houston, Texas; and

10. None of the Defendants have filed a response to Plaintiff's Complaint or otherwise appeared in this action or at the show causing hearing held on August 17, 2010; and

11. Plaintiff having identified six (6) additional domain names containing the CHI Marks owned or controlled by Defendants and used in the offer for sale and sale of Counterfeit CHI Products: chiretailsite.com, chi.cowboystrade.com, chi2sale.com, buychionline.com, chi4iron.com and chiflatironservice.com.

IT IS HEREBY ORDERED that Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them are preliminarily enjoined and restrained from:

(i) using Plaintiff's CHI Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CHI Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine CHI Products bearing or displaying Plaintiff's CHI Marks; and

(ii) passing off, inducing or enabling others to sell or pass off any hair styling irons, hair dryers or other items which are not Plaintiff's genuine merchandise as or for Plaintiff's genuine merchandise; and

(iii) committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiff's genuine merchandise unless they are such; and

(iv) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner hair styling irons or other items falsely bearing Plaintiff's CHI Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(v) utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of Plaintiff's CHI Marks; and

(vi) operating Defendant's B2B Web Pages and Defendants' Websites; and

(vii) assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi).

IT IS FURTHER ORDERED that the asset restraint provisions contained in the Temporary Restraining Order shall remain in place until the disposition of this action as to Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc. ("PayPal"), or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' B2B Selling Pages, Defendants' Websites or for any

other website owned or controlled by Defendants, who receive actual notice of this Preliminary Injunction Order, shall immediately locate all accounts connected to Defendants or Defendants' Websites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

> (1) an accounting of all of such Defendant's assets having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and
>
> (2) uncontradicted documentary proof accepted by Plaintiff, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant; and

IT IS FURTHER ORDERED that upon two (2) business day's written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Preliminary Injunction Order concerning the restriction upon transfer of such Defendant's assets; and

IT IS FURTHER ORDERED that Plaintiff may continue to obtain expedited discovery by providing actual notice, pursuant to subpoena or otherwise, of this Preliminary Injunction Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; (3) any third party service providers, including without limitation the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com and EC21.com and Internet service providers, back-end service providers, web designers, sponsored

search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants; and (4) any third party providing services in connection with any Defendant, Defendants' B2B Web Pages and/or Defendants' Websites, including without limitation, the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com, EC21.com and Internet Service Providers ("ISP"), back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers"). Such Third Party Providers shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a)   The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' B2B Web Pages, Defendants' Websites, Infringing Domain Names and financial accounts;

(b)   Defendants' B2B Web Pages and Defendants' Websites;

(c)   The Infringing Domain Names or any domain name registered by Defendants; and

(d)   Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA); and

IT IS FURTHER ORDERED that Verisign, Inc. disable and/or continue to disable all existing Domain Name Server (DNS) entries and corresponding addresses for the following domain names:

chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com, chiretailsite.com, chi.cowboystrade.com, chi2sale.com, buychionline.com, chi4iron.com and chiflatironservice.com

(collectively, the "Infringing Domain Names") to prevent further damage caused by Defendants' use of these Infringing Domain Names; and

IT IS FURTHER ORDERED, that Plaintiff may continue to serve Defendants by electronic mail at those email addresses which Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4, as well as additional email addresses belonging to Defendants which Plaintiffs identify; and

IT IS FURTHER ORDERED that this Preliminary Injunction Order shall remain in effect until disposition of this action; and

IT IS FURTHER ORDERED that the seal on this action is hereby removed; and

IT IS FINALLY ORDERED that the bond posted by Plaintiff is hereby released.

SIGNED this 17th day of August, 2010.

UNITED STATES DISTRICT COURT JUDGE