**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FAROUK SYSTEMS, INC.<br><br>                    Plaintiff<br>v.<br><br>EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD.,  EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A  QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A  S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS CO. LIMITED, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO.,   LTD. A/K/A SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS  INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION TRADING | Civil Action No. 4:10-cv-2672<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

1

CO., LTD., CHINA WANGYI TRADE CO. LTD.,
CHI & T3 HAIR CARE FOREVEROFFER CO. LTD.
A/K/A MAKE HAIR BEAUTIFUL CO. LTD., XIDA
TRADE CO. LTD., HENGXIN INTERNATIONAL
TRADE CO. LTD., FUZHOU HUAXIANG TRADE
CO. LTD., E-TRADE CO. LTD., SUNFAVOR
INDUSTRY DEVELOPMENT CO. LTD., LIKE
GOODS TRADE CO. LTD., BEST WHOLESALER
CO. LTD., SKY SHOPPING TRADE, EBUYG NET
CO. LTD.,  BEOYA INTERNATIONAL TRADING
CO., LTD., ASHA CO. LTD., ARTICLE AND TOY
OF CHI CO. LTD., SHISHI NIUPIKA CLOTHING
STORE, FUZHOU H&H ELECTRONICS STORE,
XIAMEN FENERGY ELECTRIC  EQUIPMENT
CO. LTD., JJ SPORTS TRADE CO., LTD., AUSIA
INTERNATIONAL SPORTS (HK) LIMITED,
GOLFMAINLAND, TOP-FASHION SHOP
WHOLESALE CO. LTD., IES INTERNATION
TRADE CO., LTD., HONG KONG AILITE
TRADING CO., LTD., ETERNAL TRADE CO.
LTD., NFL WHOLESALER TRADING CO., LTD.,
SHIET COMPANY, SUPER FLAT IRON, HUA
XIANG CO., LTD., RUNTOP TRADE, HAOYI
BUSINESS, JINNIU INTERNATIONAL TRADE
CO. LTD., HUAYU TRADE, CHENG MING D/B/A
CHIRETAILSITE.COM, CHEN WEN XIN D/B/A
GHD24H.COM, CHI HAIR INC., CHI2SALE.COM,
YU QUAN ZHUONG D/B/A
BUYCHIONLINE.COM, JIA MU SI D/B/A
CHI4IRON.COM, LING FEI D/B/A
CHIFLATIRONSERVICE.COM and  JIANWE FU
D/B/A CHIHAIRONLINE.COM

Defendants.

---

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

---

This action having been commenced by Plaintiff FAROUK SYSTEMS, INC. ("Farouk"

or "Plaintiff") against Defendants EYOU INTERNATIONAL TRADING COMPANY, LTD.,

FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD.,  EBAGI

TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE

ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A

QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A  S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS CO. LIMITED, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS  INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD.,  BEOYA INTERNATIONAL TRADING CO., LTD., ASHA CO. LTD., ARTICLE AND TOY OF CHI CO. LTD., SHISHI NIUPIKA CLOTHING STORE, FUZHOU H&H ELECTRONICS STORE, XIAMEN

FENERGY ELECTRIC EQUIPMENT CO. LTD., JJ SPORTS TRADE CO., LTD., AUSIA INTERNATIONAL SPORTS (HK) LIMITED, GOLFMAINLAND, TOP-FASHION SHOP WHOLESALE CO. LTD., IES INTERNATION TRADE CO., LTD., HONG KONG AILITE TRADING CO., LTD., ETERNAL TRADE CO. LTD., NFL WHOLESALER TRADING CO., LTD., SHIET COMPANY, SUPER FLAT IRON, HUA XIANG CO., LTD., RUNTOP TRADE, HAOYI BUSINESS, JINNIU INTERNATIONAL TRADE CO. LTD., HUAYU TRADE, CHENG MING D/B/A CHIRETAILSITE.COM, CHEN WEN XIN D/B/A GHD24H.COM, CHI HAIR INC., CHI2SALE.COM, YU QUAN ZHUONG D/B/A BUYCHIONLINE.COM, JIA MU SI D/B/A CHI4IRON.COM, LING FEI D/B/A CHIFLATIRONSERVICE.COM and JIANWE FU D/B/A CHIHAIRONLINE.COM (collectively, "Defendants") ; and

This Court having entered upon a showing by Plaintiff, *inter alia*, a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Order to Show Cause for a Preliminary Injunction ("Temporary Restraining Order") (Doc. No. 13) and and Order of Preliminary Injunction ("Preliminary Injunction") (Doc. No. 21) pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of Plaintiff's federally registered trademarks, as listed in Plaintiff's First Amended Complaint and incorporated herein by reference, which trademarks CHI® and FAROUK® (collectively, the "CHI Marks") are owned and controlled by Plaintiff and used in connection with products listed in Plaintiff's First Amended Complaint and incorporated herein by reference (collectively, the "CHI Products"); and

4

Plaintiff having served the Summons, Complaint, Temporary Restraining Order, Preliminary Injunction, Amended Summons and First Amended Complaint on Defendants and a proof of service of the First Amended Complaint having been filed on August 30, 2010, and none of the Defendants having answered the First Amended Complaint or appeared in any way, and the time for answering the First Amended Complaint having expired; and

Plaintiff having shown, the following:

1.     Plaintiff owns all right, title and interest in and to the CHI Marks used in connection with the CHI Products; and

2.     Defendants are part of an online counterfeiting ring distributing, offering for sale and/or selling counterfeit CHI Products -- including but not limited to hair styling irons -- bearing counterfeits of Plaintiff's CHI Marks ("Counterfeit CHI Products") at wholesale and retail to buyers in the United States, including in this Judicial District; and

3.     Defendants are selling Counterfeit CHI Products on their own specialized web pages of the online 'business to business' ("B2B") selling platforms DIYtrade.com; Alibaba.com, Tradekey.com, and EC21.com ("Defendants' B2B Web Pages") as well as by operating a large, fluid network of websites ("Defendants' Websites"), including by using various domain names, including, without limitation, the following domain names containing the CHI Marks:

> chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com, chiretailsite.com, chi.cowboystrade.com, chi2sale.com, buychionline.com, chi4iron.com and chiflatironservice.com (the "Infringing Domain Names")

4.     Defendants have gone to great lengths to conceal and/or move themselves and their ill-gotten proceeds from Plaintiff's and this Court's detection and reach including by using

multiple false identities and addresses associated with their operations and purposely-deceptive contact information; and

5. Defendants have disregarded the Temporary Restraining Order and Preliminary Injunction and failed to answer or otherwise respond to the First Amended Complaint and Amended Summons; and

6. Plaintiff having moved for entry of default and entry of default judgment; and so the Court

HEREBY FINDS that each Defendant is liable for federal trademark counterfeiting and infringement under 15 U.S.C. § 1114 and cybersquatting under 15 U.S.C. § 1125(d)(1); and accordingly

IT IS HEREBY ORDERED that that Plaintiff's Motion for Entry of Default and Motion for Entry of Default Judgment is GRANTED in their entirety and each Defendant is deemed in default and this Final Judgment is entered against each Defendant.

IT IS FURTHER ORDERED that each Defendant, its officers, agents, servants and employees and any persons in active concert or participation with it including Third Party Providers, as defined herein, are permanently enjoined and restrained from:

(i) using Plaintiff's CHI Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CHI Marks in connection with the importation, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine CHI Products bearing Plaintiff's CHI Marks; and

(ii) passing off, inducing, or enabling others to sell or pass off any hair styling irons, hair dryers or other items that are not Plaintiff's genuine merchandise as or for Plaintiff's genuine merchandise; and

(iii) committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiff's genuine merchandise unless they are such; and

(iv)   importing, shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner hair styling irons or other items falsely bearing Plaintiff's CHI Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(v)    utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of Plaintiff's CHI Marks; and

(vi)   operating Defendants' B2B Web Pages and Defendants' Websites; and

(vii)  assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi).

For the purposes hereof, "Third Party Providers" shall mean any third party providing services in connection with any Defendant, Defendants' B2B Web Pages and/or Defendants' Websites, including without limitation, the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com, EC21.com, and Internet Service Providers ("ISP"), back-end service providers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, Inc., third party processors and other payment processing services, shippers, domain name registrars and domain name registries; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1117(c)(2), Farouk is awarded statutory damages from each Defendant in the liquidated amount of two million dollars and no cents ($2,000,000.00) for each of the CHI Marks mark for a total award of statutory damages in the amount of four million dollars and no cents ($4,000,000.00) per Defendant; and

IT IS FURTHER ORDERED that monies currently restrained in various Defendants' accounts held by PayPal, Inc., is hereby released to Farouk as partial payment of the above-mentioned damages and PayPal, Inc. is ordered to release to Farouk said amounts from Defendants' PayPal accounts; and

IT IS FURTHER ORDERED that the Infringing Domain Names identified above be transferred to Farouk's ownership and control; and

8

IT IS FINALLY ORDERED that, in order to give practical effect to this Permanent Injunction, that VeriSign, Inc. or the registry or registrar of each of the domain names, disable and/or continue to disable all existing Domain Name Server (DNS) entries and corresponding addresses for the Infringing Domain Names along with following domain names that continue to be used by one or more Defendants for the sale of Counterfeit CHI Products, mywayhair.com; lukyzone.com;   ghdfromfactory.com;   superflatiron.com;   topsellerbrand.com;   eehair.com; cowboystrade.com;   bestwholesaleplatform.com; eyoutrade.com and eyougb.com and that each such domain name be transferred to the ownership and control of Plaintiff, through the registrar of its choosing.

This is a Final Judgment.

SIGNED at Houston, Texas this ___14th___ day of __Oct.__ 2010.

Kenneth M. Hoyt
United States District Judge